**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO and HAMMAM YAHYA M.D., <br><br>                Plaintiffs, <br>       v. <br><br> MIKE POMPEO, U.S. Secretary of State; U.S. DEPARTMENT OF STATE, an Agency of the United States; WILLIAM P. BARR, U.S. Attorney General; CHRISTOPHER WRAY, Director of FBI; FEDERAL BUREAU OF INVESTIGATIONS, an Agency of the United States; THE UNITED STATES OF AMERICA <br><br>                Defendants. | Case No.: 19-CV-733 |

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1.     Plaintiffs, Board of Regents of the University of New Mexico (UNM) and Dr. Hammam Yahya, respectfully submit this complaint to compel Defendants and those acting under them to take all appropriate action to complete issuance of Plaintiff Yahya's visa without further delay.  Plaintiff UNM filed an H-1B visa petition on behalf of Dr. Yahya which was approved in 2018.  Dr. Yahya traveled outside the United States and has applied for a visa stamp at the U.S. Consulate in Amman, Jordan to enable him to return to his post as an Assistant Professor/Clinician at the Psychiatry Department at UNM.  He was interviewed by Defendants, but was placed in "administrative processing" for almost two months now.  Since then there has been no decision by Defendants.  Plaintiffs' application remains within the jurisdiction of Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of Plaintiffs.  Plaintiff Yahya was due back at his position on August 7,

and innumerable psychiatric patients with some of the most severe cases in New Mexico will suffer in his absence.

**JURISDICTION AND VENUE**

2.   This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

3.   Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires the Department of State to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). The Department of State is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

4.   As set forth below, the delay in processing the Plaintiffs' properly filed visa application is unreasonable.

5.      Venue is proper in the District of New Mexico pursuant to 28 U.S.C. §1391(e)(1)(C).  Plaintiffs sue the Defendants in their official capacities as officers and employees of the United States. Plaintiff UNM is located within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      No exhaustion requirements apply to the Plaintiffs' complaint for a Writ of Mandamus.  The Plaintiff is owed a duty – the issuance of a visa for which he has been petitioned.  Defendants have unreasonably delayed  and failed to adjudicate the Plaintiffs' application with no explanation.  Plaintiff has  no  other  adequate  remedy  available  for  the harm  he seeks  to  redress  –  the  failure  of  Defendants to issue his visa.

## PARTIES

7.    Plaintiff UNM is the flagship university of the State of New Mexico.  Established in 1889, it is the largest university in the state and the only one with a health sciences complex capable of handling some of the most complicated medical issues in New Mexico and surrounding communities.

8.    Plaintiff Hammam Yahya, MD is a national of Palestine.  He is an Assistant Professor and Clinician at UNM's Psychiatry and Behavioral Sciences Department.  He is currently outside the United States awaiting H-1B visa issuance by the U.S. consulate in Amman, Jordan.

9.    Defendant Mike Pompeo is the Secretary of State, and as such is charged by statute regarding visa issuance to aliens.  He is sued in his official capacity only.

10. United States Department of State is an agency of the United States in charge of issuing visas such as Plaintiff Yayha has applied for.

11. Defendant William P. Barr is the Attorney General of the United States.  He is in charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting

background checks for applicants for immigration benefits.  He is sued in his official capacity only.

12. Defendant Christopher Wray is the Director of the FBI.  He is the head of the agency in charge of conducting background checks for applicants for immigration benefits.  He is sued in his official capacity only.

13. Defendant FBI is an agency of the United States in charge of conducting background checks for applicants for immigration benefits.

14. Defendants are in charge of the processing and adjudication of applications and related background checks for visa issuance.

## LEGAL FRAMEWORK

15. United States employers can petition for nonimmigrant status for foreign national employees.  *See, e.g.,* 8 C.F.R. § 214.2(h).

16. Upon approval of the visa petition, the Secretary of Homeland Security can either change or extend the status of the foreign national if he is in the United States, or forward a copy of the approval to the Department of State so that foreign nationals who are outside the United States, or who subsequent to change of status travel outside the United States, can apply for a visa stamp to enable them to return to the United States and be admitted in the status they were petitioned for.

17. The Department of State, in turn, interviews the foreign national at a U.S. consulate post abroad.

18. The Department of State fingerprints applicants and transmits those fingerprints electronically to the FBI in order to conduct background checks.  The background checks are

typically instantaneous as the vast majority of visa applicants are issued visas within three days of being fingerprinted.  (Exhibit 1, printout from Department of State website).

19. Upon conclusion of the above steps, the Department of State issues a visa, which can then be used by the foreign national to be admitted to the United States.

## FACTUAL AND PROCEDURAL BACKGROUND

20. Plaintiff Yahya is a physician who completed his residency in the United States.

21. He was hired as an Assistant Professor at UNM Psychiatry and Behavioral Sciences Department, an entity of Plaintiff UNM.

22. Dr. Yahya works in the UNM Psychiatric Center (UNMPC).

23. UNMPC serves more than 60,000 patients per year from all over New Mexico.

24. The inpatient unit and emergency services of the UNMPC represent the safety net services for both Bernalillo County and the State of New Mexico.

25. There is a critical shortage of psychiatrists in New Mexico and nationwide.

26. Dr. Yahya is an inpatient attending physician at UNMPC.  In this capacity, Dr. Yahya treats patients with the most serious and debilitating mental illnesses which are difficult to treat.

27. Very few faculty at UNM can cover in Dr. Yahya's absence and the ones who are do not have the full set of skills and experience that he has.  The situation has become so dire that the chair of the department is now having to cover some of Dr. Yahya's patients hindering his ability to lead the department.

28. Dr. Yahya's continued absence has stretched the Psychiatry department thin and is causing inordinate delays in patients being able to see a physician as his absence has a ripple effect on the ability of other faculty having to cover his patient load.

29. UNM's teaching mission is also hindered by Dr. Yahya's absence since he is not able to provide training to residents.

30. Exhibit 2 provides a more detailed narrative regarding the urgent need for Dr. Yahya's immediate return to UNM.

31. Plaintiff UNM filed an H-1B visa petition on behalf of Plaintiff Yahya in March 2018.

32. This petition was approved on 07/16/2018 and valid until 6/30/2021.  Exhibit 3.

33. Plaintiff Yahya's status was changed from J-1 to H-1B with the approval of this petition.

34. On June 13, 2019, Dr. Yahya applied for an H-1B visa stamp at the U.S. consulate in Amman, Jordan.  At the time, he was given a list of information he needed to provide via email. He provided said information the same day.

35. Following his submission, he was placed in "administrative processing" on June 13, 2019. No reason was given for this delay.

36. Dr. Yahya has made inquiries, but no information has been forthcoming from Defendants.  Exhibit 4.

37. Dr. Yahya was due back at his position at UNM on August 7, 2019.

38. If he does not return on said date Plaintiff UNM will suffer irreparable harm and prejudice as described above.

39. If he does not return on said date Plaintiff Yahya will suffer prejudice and irreparable harm as well.  In order to obtain the currently approved H-1B visa petition, Dr. Yahya applied for and was granted a J-1 Conrad 30 Waiver.  This is a waiver that is given to only 30 physicians in the state however it requires him to serve at UNM for 3 full years.  If he does not return to his

post, he will not be able to complete his 3-year waiver commitment/contract with UNM and stands to lose not only contractual damages but also the ability to be able to apply for future immigration benefits such as permanent residence.

## CAUSES OF ACTION

### COUNT ONE

### DECLARATORY JUDGMENT

40. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

41. Defendants in this case have failed to issue a visa for far longer than the usual process (typically three days). This failure to act is against the law, has caused, and continues to cause harm to Plaintiffs.  Therefore, issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the Administrative Procedures Act is warranted.

### COUNT TWO

### VIOLATION OF 5 U.S.C. §§ 702, 704,706 (APA CLAIMS)

42. The allegations contained in paragraphs 1 through 39 above are repeated and re-alleged as though fully set forth herein.

43. Plaintiff has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency action or inaction. 5 U.S.C. & 702.  Plaintiff is aggrieved by agency action or inaction for which there is no other adequate remedy in court.  5 U.S.C. § 704.

44. The action or inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2).  The delays are a violation of the APA which mandates that a decision be made in a timely manner.

### COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

45. The allegations contained in paragraphs 1 through 39 above are repeated and re-alleged as though fully set forth herein.

46. Plaintiffs have a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to Plaintiffs. Defendants have failed to issue a visa when all requirements have been complied with.

47. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu v. Novak*, 509 F. Supp. 2d 1 (D.D.C. 2007) (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)). The Plaintiff clearly meets all three of these criteria.

48. The Plaintiffs have fully complied with all of the statutory and regulatory requirements for seeking a visa, including submission of all necessary forms and supporting documents.

49. Defendants have unreasonably failed to adjudicate the Plaintiffs' application for a visa for almost two months when it should have been issued in three days, thereby depriving the Plaintiffs of their rights. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for

the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

50. The Defendants owe the Plaintiff a duty to adjudicate his visa application, pursuant to law, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation).

51. The Plaintiff has no alternative means to obtain adjudication of his visa application and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784.

52. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time).

53. The Plaintiff is entitled to action on his long-pending visa application, because an unreasonable amount of time has passed since his application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiffs.

54. The doctrine of consular non-reviewability is inapplicable here.  *See Kerry v. Din*, 576 U.S. ___, 135 S.Ct. 2128, 192 L.Ed.2d 183 (2015).  The doctrine generally bars review of

9

the substance of a decision.  In this case, Plaintiffs are not seeking review of a denial of an an H-1B visa.  They are simply asking the Court to compel Defendants to act.  This does not fall under the doctrine of consular non-reviewability.

55. Defendants' delay is without justification and has forced the Plaintiffs to resort to this Court for relief, and the Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

### **PRAYER FOR RELIEF**

WHEREFORE, in view of the arguments and authority noted herein, Petitioner prays that the Court grant the following relief:

A.  Assume jurisdiction over the matter;

B.  Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the visa application and any related background checks is unlawful and contrary to law.

C.  Order Defendants and those working under them to immediately adjudicate the pending application for the requested visa.

D.  Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b), and

E.  Grant any and all further relief this Court deems just and proper.

Dated this 12th day of August 2019.

/s/ Olsi Vrapi.
Olsi Vrapi
Attorney for Plaintiffs
Noble & Vrapi, P.A.
5931 Jefferson St.. NE, Suite A
Albuquerque, NM 87109
Phone:  (505) 352-6660
Fax:  (505) 872-6120
olsi@noblelawfirm.com

10